UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY TODD                                              CIVIL ACTION

VERSUS                                                    NO. 12-540

THE STEAMSHIP MUTUAL                                      SECTION "C" (1)
UNDERWRITING ASSOCIATION
(BERMUDA) LIMITED

## ORDER AND REASONS[1]

This matter is before the Court on a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendant, The Steamship Mutual Underwriting Association (Bermuda) Limited. Rec. Doc. 18. The motion is opposed by Plaintiff, Anthony Todd. Rec. Doc. 19. Having reviewed the record, the memoranda of counsel, and the law, the motion is DENIED for the following reasons.

**I. Background**

On January 20, 2000, Plaintiff was injured while working aboard the AMERICAN QUEEN. Rec. Doc. 1-3 at 26, 28. Plaintiff sued The Delta Queen Steamboat Company ("Delta Queen Co.") in its capacity as the owner and operator of the AMERICAN QUEEN. Rec. Doc. 1-3 at 26. In that suit, Plaintiff won a negligence claim and lost an unseaworthy vessel claim. Rec. Doc. 1-3 at 33-34. In the instant suit, Plaintiff seeks to enforce an alleged guaranty that

---

[1] Jason A. Danowsky, a second year student at the University of Texas School of Law, assisted in the preparation of this Order & Reasons.

1

Defendant issued in favor of the judgment debts of Delta Queen Co. for injuries sustained aboard the AMERICAN QUEEN on January 2, 2000. Rec. Doc. 18-1, 3. In the instant motion, Defendant argues that there was no such guaranty in effect at the time of the incident.

This Court here summarizes the chronology of the various documents, which include forms FMC-133B, facsimiles to the Federal Maritime Commission, and Certificates of Financial Responsibility.

1) Beginning February 20, 1986, Defendant guaranteed the liability of Delta Queen Co. for death and injury on the MISSISSIPPI QUEEN and DELTA QUEEN. Rec. Doc. 1-3, 6-9.

2) In May 1994, Delta Queen Co. was replaced as guarantee by American Classic Voyages Co. ("American Classic"). Rec. Doc. 1-3, 20.

3) On June 9, 1995, Defendant guaranteed American Classic for death and injuries on the ship AMERICAN QUEEN. Rec. Doc. 1-3, 18.

4) On April 25, 2000, Defendant guaranteed Delta Queen Co. and Great AQ Steamboat, L.L.C. for death and injury on the ships DELTA QUEEN, MISSISSIPPI QUEEN, and AMERICAN QUEEN. Rec. Doc. 1-3, 10-14.

**II. 12(b)(6) Standard**

Motions to Dismiss for Failure to State a Claim are to be viewed with disfavor and are rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint in whole or in part where the plaintiff has failed "to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss for

failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d. 190, 196 (5th Cir. 1996). Although courts are required to take as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level." Id. (citations and quotations omitted). To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that the evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. Fed.R.Civ.P.Rule 10(c). Courts can refer to documents attached to the pleadings that contradict the allegations of the pleading. *Simmons v. Peavy Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940).[2]

**III. Law and Analysis**

---

[2]Plaintiff asserts that he is merely required to plead facts necessary to establish the elements of his claim, Rec. Doc. 19, 3-4, and that it is "inappropriate to be arguing the construction of all the documents which may become relevant in this case." This Court follows *Simmons* and will consider whether the documents Plaintiff attached to the pleading establish a claim upon which relief may be granted.

3

Whether Louisiana law or maritime law applies, courts are to interpret contracts within their ordinary and plain meaning. *Louisiana Land and Exploration Co. v. Offshore Tugs, Inc.*, 23 F.3d 967, 969 (5th Cir. 1994) (in maritime contracts, "[a] court is entitled to take words spoken so clearly in their ordinary and plain sense."); LSA-C.C. Art. 2047 ("The words of a contract must be given their generally prevailing meaning.").

Defendant, in the instant Motion, relies upon a plain-language interpretation of the contracts at issue at Rec. Doc. 18-1, 11. Plaintiff does not refute this interpretation, but instead asserts that the "four corners of the Guaranty document permit [Defendant] to vary its terms in only two ways." Rec. Doc. 19, 5. Plaintiff asserts that the "alleged deletion of [Delta Queen Co.] as the party guaranteed . . . is no where [sic] permitted within the four corners of the contract." Rec. Doc. 19, 6 (referring to Rec. Doc. 18-6). Having reviewed the contract, this Court finds no language indicating that the methods pointed out by the Plaintiff were the "only" means to vary its terms, nor that those methods were an exclusive list.

While the documents on hand indicate that Defendant did not guarantee Delta Queen Co. for death and injury on the AMERICAN QUEEN until about four months after the January 2, 2000 incident, the variety of these documents indicates that discovery may uncover contrary evidence. The chronology set forth in the background above was compiled in part from supplied forms FMC-133B and Certificates of Financial Responsibility, but some of those documents were missing, meaning it's possible that further missing documents may support Plaintiff's allegations; thus, dismissal is inappropriate.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) is hereby DENIED. Rec. Doc. 18.

New Orleans, Louisiana, this <u>19th</u> day of <u>July</u>, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**